# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH JERSEY BRAIN & SPINE CENTER,<br><br>        Plaintiff,<br><br>  vs.<br><br>AETNA LIFE INSURANCE CO., and BRISTOL-MYERS SQUIBB, CO.,<br><br>        Defendants. | Civil Action No. 17-03531<br><br><br>Before:  Hon. Claire C. Cecchi, U.S.D.J.<br>             Hon. Mark Falk, U.S.M.J.<br><br><br>Return Date:  August 21, 2017<br><br><br>**Oral Argument Requested** |

# PLAINTIFF'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(c)

Eric D. Katz  |  Atty. No. 016791991
David M. Estes  |  Atty. No.  034532011
**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
P: 973-228-9898
F: 973-228-0303
E: ekatz@mskf.net
*Counsel for Plaintiff*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

REPLY ARGUMENT ..........................................................................................................1

**REMAND IS REQUIRED BECAUSE THE ATTEMPTED
REMOVAL WAS PROCEDURALLY DEFECTIVE**

   A. Legal Standard ........................................................................................2

   B. Procedural History..................................................................................3

   C. Aetna was Served with an Affidavit of Diligent Inquiry .......................6

   D. The Existence of an In-State Agent Does Not Invalidate NJBSC's Service .........................8

   E. Defendants Waived the "Unserved Party" Exception to the Rule .........................................11

CONCLUSION...................................................................................................13

# **TABLE OF AUTHORITIES**

**Cases**

*Advanced Surgery Center v. Connecticut Gen. Life, Ins. Co.*, 2012 WL 3598815
  (D.N.J. July 31, 2012) ..................................................................................6,7,9

*Alessi v. Beracha*, 244 F. Supp. 2d 354 (D. Del. 2003) ................................................ 1

*Amica Mutual Ins. Co. v. Ramirez*, 2009 WL 3762672
  (N.J. App. Div. Nov. 10, 2009) ..........................................................................6,7

*Anamdi v. Kean Univ.*, 2015 WL 5138648 (D.N.J. Aug. 31, 2015) ............................2,3

*Balazik v. Cnty. of Dauphin*, 44 F.3d 209 (3d Cir. 1995) ...............................................3

*Evcco Leasing Corp. v. Ace Trucking Co.*, 828 F.2d 188 (3d Cir. 1987) ......................11

*Field v. Field*, 31 N.J. Super. 139 (App. Div. 1954) ....................................................11

*J.C. v. M.C.*, 438 N.J. Super. 325 (Ch. Div. 2013) ...............................................9,10,11

*Krys v. Aaron*, 112 F. Supp. 3d 181 (D.N.J. 2015) ........................................................1

*M&D Assoc. v. Mandara*, 366 N.J. Super. 341 (App. Div. 2004) ...............................7,8

*Metal Structures, Inc. v. Hillier Barn*, 2011 WL 1404918
  (N.J. App. Div. Apr. 14, 2011) .............................................................................8

*Modan v. Modan*, 327 N.J. Super. 44 (App. Div. 2000) ..................................... 7,8,9,10

*N. Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co.*, No. 16-1797, 2016 WL 6892076
  (D.N.J. Nov. 22, 2016), *R&R adopted*, 2017 WL 1294002 (D.N.J. Apr. 4, 2017) ........... 3,10,12

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941) ..................................1

**Statute**

28 U.S.C. § 1446............................................................................................................3,4

## **Rules**

Fed. R. Civ. P. 11 ................................................................................................................. 2

N.J. Court Rule 4:4-4 ........................................................................................................... 7

N.J. Court Rule 4:4-5 ........................................................................................................ 7,9

N.J. Court Rule 4:4-6 ................................................................................................ 11,12,13

## **Other Authorities**

*Black's Law Dictionary* (10th ed. 2014) ............................................................................ 12

4 Am. Jur. 2d Appearance § 1, at 620 (1995) ................................................................... 12

## **REPLY ARGUMENT**

## **REMAND IS REQUIRED BECAUSE THE ATTEMPTED REMOVAL WAS PROCEDURALLY DEFECTIVE**

Plaintiff North Jersey Brain & Spine Center ("NJBSC") submits this reply brief in further support of its motion to remand this state-law action. Specifically, defendants violated the Rule of Unanimity because defendant Aetna Life Ins., Co. ("Aetna") failed to file timely written evidence establishing that it consented to the removal by defendant Bristol-Myers Squibb ("BMS"). *See* Pl. Br. 15-23 (D.E. 10).

Significantly, while this motion was pending, this Court held a status conference on July 13th, and directed defense counsel to produce to the Court some time-date stamped contemporaneous record proving that Aetna had, in fact, timely consented to BMS's removal. Further, at this procedural posture "removal jurisdiction is…strictly construed," and defendants must eliminate "any doubt… over whether removal was proper. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941)." *Alessi v. Beracha*, 244 F. Supp. 2d 354, 356 (D. Del. 2003); *see also* Pl. Br. 10-11. Yet, in opposing remand, defendants have failed to adduce a shred of evidence relevant to whether Aetna actually consented to BMS's removal. No email. No memo. No certification from an Aetna representative. Nothing.

Also conspicuous, defendants do not address – and so concede – plaintiff's recitation of the law and principles governing the Rule of Unanimity in the Third Circuit and District of New Jersey. *Krys v. Aaron*, 112 F. Supp. 3d 181, 198 n.18

1

(D.N.J. 2015) (failure to respond to issue in opposing party's brief results in waiver). Defendants also do not address, and so concede, that they have violated the Rule of Unanimity as Aetna did not proffer timely written evidence of its consent.

Rather than stand by BMS's averment of consent, *see* Fed. R. Civ. P. 11, BMS (now represented by a new attorney) and Aetna pivot, claiming an exception to the Rule of Unanimity applies, and so Aetna's consent was unnecessary. However, the "unserved party" exception does not apply here because Aetna was properly served, and waived any claim that service by regular and certified mail at Aetna's headquarters is defective. Accordingly, defendants' removal is procedurally defective, and NJBSC's motion to remand should be granted.

**A.     Legal Standard**

To recap, "'courts in this district have regularly held that each defendant must provide 'some form of unambiguous written evidence of consent to the court in a timely fashion.' Timely means that the consent must be contemporaneous with the filing of…Removal." *Anamdi v. Kean Univ.*, 2015 WL 5138648, at *5 (D.N.J. Aug. 31, 2015) (citations omitted). Further, as this Court recently explained in a prior case involving NJBSC and Aetna, when the Rule of Unanimity has been violated, "the defect cannot be cured and remand is required" unless an exception applies:

> Removal is a statutory right, and **the procedures to effect removal must be followed**…. The rule of unanimity requires that all properly joined defendants file, join, or consent to removal within 30 days of service of the

2

> Complaint…. And, no matter the number of defendants, each must individually provide written consent to removal; defendants generally cannot speak for each other. Despite the stringent nature of the rule, the non-joinder of a defendant can be excused…when a non-resident defendant has not been served at the time of removal. **If it is determined that the rule has been violated and no exception applies, the defect cannot be cured and remand is required**….

*N. Jersey Brain & Spine Ctr. v. Aetna Life Ins. Co.*, No. 16-1797, 2016 WL 6892076, at *3 (D.N.J. Nov. 22, 2016) (**Falk, J.**) (citations & quotation marks omitted, emph. added), *R&R adopted*, 2017 WL 1294002 (D.N.J. Apr. 4, 2017).

The only exception at issue here is that Aetna, allegedly, was not served at the time of removal. *Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995). The 30-day window for removal, and consent, is triggered by "the receipt by the defendant, **through service or otherwise**, of a copy of the initial pleading" 28 U.S.C. § 1446(b)(1) (emph. added). *E.g.*, *Anamdi*, 2015 WL 5138648, at *5 (holding defendant could not rely on "unserved party" exception where plaintiff had proffered affidavits of service). Thus, the dispositive question remaining is whether defendant Aetna "received" the complaint, summons and affidavit of diligent inquiry, and whether defendants preserved this exception to the Rule of Unanimity.

**B.    Procedural History**

Because service on Aetna is now front and center, plaintiff has included a recitation of the procedural history. On April 12, 2017, plaintiff NJBSC filed an

3

affidavit of diligence in the Superior Court of New Jersey. (D.E. 1-3). On April 17th, NJBSC served defendant Aetna by regular and certified mail at its corporate headquarters in Hartford, Connecticut (D.E. 10-2, Katz Cert., Ex. C) with the complaint, summons and an affidavit of diligent inquiry (D.E. 1-1, 1-3). Service was accepted at Aetna's headquarters by signature of Kerwin Kahn (D.E. 10-2, ¶3 & Ex. B), and the complaint, summons and affidavit were forwarded to Aetna's "law litigation team lead," Mark Connolly (D.E. 1-3, pg. 4).[1] Consequently, under § 1446(b), Aetna's deadline to remove, or consent to removal, was May 17, 2017.

On May 17th, defendant BMS filed a Notice of Removal, alleging (without any written confirmation[2]) that Aetna had consented to removal. (D.E. 1, ¶¶18-19). On May 17th and 18th (*i.e.*, after removal), Aetna's attorney sent correspondence to plaintiff's attorney requesting consent to extend Aetna's time "**in the law division**"

---

[1]  Mr. Connolly's professional profile is publicly available at www.linkedin.com/in/mark-connolly-22323b54/, and he appears to be an attorney.

[2]  In contrast to this case, in other healthcare disputes managed care defendants, like Horizon and Cigna, generally file along with the Notice of Removal written confirmation from the non-removing defendant(s). *See, e.g.*, Not. of Removal, at ¶5, *Shah v. Horizon Blue Cross Blue Shield*, No. 1:16-2528 (D.N.J., removed May 4, 2016) (timely filed Horizon "Executed Consent and Joinder in Removal," *see* D.E. 1-3); Not. of Removal, at ¶13 & Ex. C, *Kaul v. Horizon Blue Cross Blue Shield*, No. 2:15-8268 (D.N.J., removed Nov. 24, 2015) (attached to Notice of Removal "written confirmation" of consent from non-removing codefendant, *see* D.E. 1); Not. of Removal, at ¶20, & Ex. F, *N. Jersey Brain & Spine Ctr. v. MultiPlan, Inc., et al.*, No. 3:17-05967 (D.N.J., removed Aug. 9, 2017) (attached to Notice of Removal signed "Notice of Consent" from non-removing codefendants, *see* D.E. 1-5).

(*i.e.*, in state court) to file a response to the complaint. (*See* D.E. 10-2, Katz Cert. ¶6 & Ex. E). Notably, defendants have no explanation for why Aetna's attorney indicated an intent to litigate this action in state court if, in fact, he had given BMS's attorney consent to remove this action days earlier. *See* Pl. Br. 24-26 (D.E. 10-1).

The first evidence Aetna was aware of the removal is on May 24th, when Aetna's attorney made an appearance in this Court. (D.E. 4). Aetna then filed a Corporate Disclosure Statement. (D.E. 5). Significantly, Aetna applied for a Clerk's Order, **admitting** that Aetna was served and aware of this lawsuit on April 17th:

> 3. Aetna received a copy of the Summons and Complaint on or after April 17, 2017;

(D.E. 6). In June, Aetna's attorney filed a letter in this Court requesting a 30-day extension so that Aetna "can properly investigate the claims at issue before formulating a response" to the complaint. (D.E. 8). Thereafter, Aetna's attorney filed a <u>second</u> letter in this Court requesting an adjournment of this motion "to allow Defendants time to investigate and consider the application to remand" (D.E. 12).

On June 29th, the Court held a telephonic conference. (D.E. 15). Aetna, through counsel, appeared for that conference. During the conference, the Court instructed NJBSC to brief subject-matter jurisdiction, in addition to procedural defect. On or about July 13th, the Court held a second conference. (*See* ECF Dkt. Report, 7/13/17 entry). Aetna appeared a <u>second</u> time before the Court in July. During that conference, plaintiff agreed to withdraw its arguments regarding subject-

matter jurisdiction. *See* Def. Br. 3 n.1, 9 (D.E. 17). With respect to procedural defect, **the Court instructed Aetna's counsel to produce the contemporaneous written proof demonstrating that Aetna had**, **in fact**, **consented** to the removal. On July 24th, Aetna filed its opposition to remand. (D.E. 17). Defendants were unable to produce the written evidence, which the Court had requested. *Id*. It is in this procedural context that Aetna claims it was not properly served.

## C. Aetna was Served with an Affidavit of Diligent Inquiry

Defendants' "unserved party" argument is unclear. But the thrust of the cases defendants rely on is that substituted service on an out-of-state defendant is defective **if** a plaintiff does not include an affidavit of diligent inquiry with the summons and complaint. For instance, defendants rely primarily on *Advanced Surgery Center v. Connecticut Gen. Life, Ins. Co.*, 2012 WL 3598815 (D.N.J. July 31, 2012). The precise issue in *Advanced Surgery* was whether an out-of-state defendant's 30-day window to remove had been triggered when the plaintiff **omitted an affidavit of diligent inquiry** from its service of process. *Id*. at *2-3. The court in *Advanced Surgery* denied a motion to remand because of the plaintiff's "failure to file an affidavit of diligent inquiry." *Id*. at *6. Similarly, the issue in *Amica Mutual Ins. Co. v. Ramirez*, 2009 WL 3762672, at *2 (N.J. App. Div. Nov. 10, 2009), was "that plaintiff failed to file the requisite affidavit" and so "service was not accomplished."

6

Defendants' reliance on these cases, however, is misplaced. Under N.J. Court Rules 4:4-4 and 4-5, when serving an out-of-state defendant via substituted service, the plaintiff is required to serve an affidavit of diligent inquiry. Unlike *Advanced Surgery* and *Amica*, in the case at bar NJBSC served Aetna its complaint, summons **and an affidavit of diligent inquiry**. Although Aetna attempts to muddle the record, it is undisputed that Aetna was served with the affidavit; indeed, BMS attached it as an exhibit to the removal pleading. (D.E. 1-3, pg. 3; *see also* D.E. 6, ¶3). Thus, the analysis and outcome in *Advanced Surgery* and *Amica* are inapposite. In short, the key fact in that line of decisions is that the plaintiffs had not filed and included an affidavit of diligent inquiry with their summons and complaint. Here, plaintiff did. (*See* D.E. 1-1; D.E. 1-3; D.E. 10-2, Katz Cert., Ex. C).

The other category of cases cited by defendants involve a plaintiff trying to enforce a default judgment against an out-of-state defendant who had been served only by publication, rather than actual service by mail at the defendant's residence or place of business. *E.g.*, *Modan v. Modan*, 327 N.J. Super. 44 (App. Div. 2000) (setting aside default judgment, where plaintiff provided notice by publication, and was not "forthright" in failing to disclose that defendant was residing overseas and plaintiff had her email address); *M&D Assoc. v. Mandara*, 366 N.J. Super. 341, 353–55 (App. Div. 2004) (setting aside default judgment, where plaintiff provided notice of suit only by publication, because a default foreclosure action resulting in a

7

windfall for the lender must be "carefully scrutinized" as a matter of public policy); *see also Metal Structures, Inc. v. Hillier Barn*, 2011 WL 1404918 (N.J. App. Div. Apr. 14, 2011) (setting aside default judgment, where service by certified mail was returned, and at oral argument counsel "neither developed nor explained" what inquiry was undertaken to locate the defendant's correct address).

This case bears no resemblance to the animating facts in *Modan*, *M&D Assoc.* or *Metal Structures*. Here, defendant Aetna is a sophisticated corporation; it is undisputed that Aetna was served at its corporate headquarters; and, Aetna **admitted** that it "received" plaintiff's service of process (which included an affidavit of diligent inquiry) on April 17th. (D.E. 6; D.E. 10-2, Katz Cert., Ex. C). In *Modan*, *M&D Assoc.* and *Metal Structures*, the key facts were that (1) a default judgment had been entered, and (2) defendants did not have notice that they had been sued. In stark contrast, here it is undisputed that Aetna's inside counsel Mark Connolly had the summons, affidavit and complaint on April 17th. (D.E. 1-3, pg. 3; D.E. 6, ¶3). In sum, the facts of this case are easily distinguished from the cases cited and relied on by Aetna to claim it was an "unserved party" at the time of BMS' removal.

**D.    The Existence of an In-State Agent Does Not Invalidate NJBSC's Service**

Defendants also emphasize that the Commissioner of the N.J. Department of Banking and Insurance ("DOBI") is a registered agent of Aetna. Aetna seems to argue that because it had an in-state agent, NJBSC's out-of-state service by certified

8

mail was therefore ineffective. NJBSC was unaware that Aetna had an in-state agent. But more importantly, for years Aetna and NJBSC have litigated a dozen lawsuits in state and federal court, and Aetna has never objected to service by certified and regular mail at its headquarters.

There is no precedent supporting defendants' position that because Aetna *could* have been served in-state, plaintiff's service out-of-state at Aetna's corporate headquarters was ineffective. "When personal service cannot be effected within the state, [N.J. Court] Rule 4:4–4(b) permits substituted…service to obtain personal jurisdiction over a defendant." *Adv'd Surgery*, 2012 WL 3598815, at *5. A plaintiff must make a "diligent inquiry" to determine whether a defendant can be served within New Jersey. *See* N.J. Ct. R. 4:4-5(a). The "diligence" of a plaintiff's inquiry is determined on a case-by-case basis:

> "There is no objective formulaic standard for determining what is, or is not, due diligence. Instead, **due diligence is measured by the qualitative efforts of a specific plaintiff seeking to locate and serve a specific defendant**. The showing of diligence in a given case must rest on its own facts and no single formula nor mode of search can be said to constitute due diligence in every case. Determination of due diligence in each case is based upon the facts and circumstances thereof. **A plaintiff need <u>not</u> exhaust all conceivable means of personal service before [substituted service] is authorized**, but must follow up on information he or she possesses which might reasonably assist in determining defendant's whereabouts."

9

*J.C. v. M.C.*, 438 N.J. Super. 325, 329–30 (Ch. Div. 2013) (quoting *Modan*, 327 N.J. Super. at 48–49 (App. Div. 2000)) (emph. added).

Here, NJBSC and Aetna have litigated a dozen healthcare reimbursement cases since 2008, including several cases involving the same attorneys involved here. For example, more than 4 years ago, Aetna acknowledged that in its Notice of Removal that NJBSC had effectively served defendant via certified mail at its headquarters, and calculated its 30-day window to remove from that service. *See* Aetna Not. of Removal (D.E. 1), *and* NJBSC Summons (D.E. 1-2), *NJBSC v. Aetna*, No. 13-5286 (D.N.J., removed in March 2013). In short, for many years, these parties have litigated and Aetna systematically **accepted** without objection service of process by certified mail and regular mail at its corporate headquarters. *E.g.*, *NJBSC v. Aetna*, No. 13-5286 (D.N.J., removed in March 2013); *NJBSC v. Aetna*, No. BER-L-5982-13 (N.J. Law Div., filed in 2013) (same attorneys); *NJBSC v. Aetna*, No. 16-1544 (D.N.J., filed in 2016) (same attorneys); *NJBSC v. Aetna*, No. 16-1797 (D.N.J., removed in 2016) (same attorneys); *NJBSC v. Aetna*, No. BER-L-2477-17 (N.J. Law Div., filed in 2017) (same attorneys).

In the prior litigation, service was effected by the same manner, and **Aetna has never objected to service on this ground**, **including cases before this Court that were remanded on procedural defect**. Further, unlike the caselaw defendants cite, this is not a case where a defendant was not on notice, or a plaintiff is attempting

10

to enforce a default judgment under "special circumstances." Aetna was served at its headquarters, an Aetna attorney received service, and it has known about this suit since April 17, 2017. This is the same manner that NJBSC has effected service on Aetna for many years. "**The purpose of the requirement of diligent inquiry is to provide the defendant with reasonable and fair notice** of the…proceedings." *J.C.*, 438 N.J. Super. at 330 (emph. added). It is undisputed that Aetna had notice of this suit. At bottom, Aetna simply failed to undertake the mandatory procedures for removal, and is now trying to sidestep remand by invoking an exception that does not apply.

### E.  Defendants Waived the "Unserved Party" Exception to the Rule

Defendants' attempt to invoke the "unserved party" exception should also be rejected under principles of waiver and estoppel. *Evcco Leasing Corp. v. Ace Trucking Co.*, 828 F.2d 188, 195-96 (3d Cir. 1987) ("waiver may be established by conduct inconsistent with claiming the waived right or any action or failure to act evincing an intent not to claim the right"; "where waiver is inferred from conduct, the same facts may establish both waiver and estoppel").

"Under [N.J. Rule] 4:4-6, which has no counterpart in the federal rules, a general appearance has the same effect as if the [defendant] had been properly served." *Field v. Field*, 31 N.J. Super. 139, 149 (App. Div. 1954) (emph. added).

> A general appearance or an acceptance of the service of a summons, …signed and acknowledged by the

11

>     defendant…, shall have the same effect as if the defendant
>     had been properly served.

N.J. Ct. R. 4:4-6. An "appearance" is defined as "coming into court as a party…, or as a lawyer on behalf of a party…; esp., a defendant's act of taking part in a lawsuit…." *Black's Law Dictionary* (10th ed. 2014). "'An appearance may be expressly made by formal written or oral declaration, or record entry, or it may be implied from some act done with the intention of appearing and submitting to the court's jurisdiction.'" *Id.* (quoting 4 Am. Jur. 2d Appearance § 1, at 620 (1995)).

Here, Aetna has waived and should be estopped from claiming it was not served because of the parties' course of dealings, and its attorney's conduct in this case:

- Aetna has accepted service by certified and regular mail at its headquarters **without objection** for years. *E.g.*, *NJBSC v. Aetna*, No. 13-5286 (D.N.J., removed in March 2013); *NJBSC v. Aetna*, No. BER-L-5982-13 (N.J. Law Div., filed in 2016) (same attorneys); *NJBSC v. Aetna*, No. 16-1544 (D.N.J., filed in 2016) (same attorneys); *NJBSC v. Aetna*, No. 16-1797 (D.N.J., removed in 2016) (same attorneys); *NJBSC v. Aetna*, No. BER-L-2477-17 (N.J. Law Div., filed in 2017) (same attorneys).

- Aetna has made an appearance in this Court, via its attorney (D.E. 4).

- Aetna's attorney has filed three letters in this Court, including a certification **admitting** Aetna "received" service on April 17th (D.E. 6, 8, 12).

- Aetna's attorney has appeared twice in this Court for status conferences (D.E. 15, *see* ECF Dkt. Report, 7/13/17 entry).

Consequently, in light of N.J. Ct. R. 4:4-6, defendants should be estopped by their case specific conduct, and the parties' course of dealings in prior cases, from asserting that service was ineffective.

## CONCLUSION

For the foregoing reasons, and those stated in the opening brief, plaintiff's motion to remand should be granted.

                              Respectfully submitted,

                              BY: _s/_Eric_Katz_____
                                      ERIC D. KATZ

Dated:  August 14, 2017