NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NORTH JERSEY BRAIN & SPINE CENTER,**<br><br>Plaintiff,<br><br>v.<br><br>**AETNA LIFE INSURANCE COMPANY and BRISTOL-MYERS SQUIBB,**<br><br>Defendants. | Civil Action No. 17-3531 (CCC)<br><br><br>**REPORT AND RECOMMENDATION** |

**FALK, U.S.M.J.**

Before the Court is Plaintiff's motion to remand pursuant to 28 U.S.C. § 1447(c). [CM/ECF No. 10.] The motion is opposed. The Court decides it on the papers. Fed.R.Civ.P. 78. For the reasons discussed below, it is respectfully recommended that the motion be **GRANTED**.

## BACKGROUND

This is an action by a healthcare provider to recover payment for medical services rendered to an individual covered under a health benefit plan. Plaintiff, North Jersey Brain & Spine Center ("NJBSC" or "Plaintiff"), is a medical practice specializing in neurosurgical procedures and the treatment of the brain and spinal cord. (Compl. ¶ 1.) Defendant Aetna Life Insurance Company ("Aetna") provides healthcare coverage to its

members, as well as administrative services to self-funded plans. (Compl. ¶¶ 1-2, 4.) Defendant Bristol-Myers Squibb ("BMS") is an employer that established and funds a health benefit plan. (Compl. ¶¶ 1, 3-4.)

According to NJBSC, it is an out-of-network healthcare provider that provided emergency and related necessary medical services to an individual who is covered under a healthcare plan sponsored, operated and/or administered by BMS and Aetna. (Compl. ¶¶ 1-4.) NJBSC alleges that it filed a claim with Defendants for reimbursement for the services rendered and that it was not properly paid.[1] (Id. ¶ 1.)

On April 7, 2017, NJBSC filed the instant action in the Superior Court of New Jersey against Aetna and BMS. The five count Complaint asserts claims for breach of implied contract; breach of the covenant of good faith and fair dealing; unjust enrichment and *quantum meruit*; interference with economic advantage, and business libel.[2] Plaintiff filed an Affidavit of Diligent Inquiry ("Affidavit") in the state court. The Affidavit, signed by Plaintiff's counsel, provides that "[o]ur research indicates that [Aetna] maintains its corporate office at 151 Farmington Avenue, Hartford, Connecticut . . . and

---

[1] Specifically, Plaintiff claims that "as a matter of regular business practice, []NJBSC engaged in regular communications and discussions with [Defendants]" with regard to the claim for payment at issue, and that "Defendants indicated, by a course of conduct, dealings and the circumstances surrounding the relationship . . . that [D]efendants would pay for the surgical services provided . . . at the appropriate rates." (Compl. ¶¶ 14, 21, 24.) Notwithstanding NJBSC's relationship with Defendants, Plaintiff claims that Defendants underpaid NJBSC for the medical services provided.

[2] NJBSC specifically alleges that the dispute over the reimbursement amounts paid by Defendants do not arise under or implicate federal subject matter jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

our research did not uncover a New Jersey address appropriate for service." (Notice of Removal, Ex. C.)

On April 17, 2017, Plaintiff personally served a copy of the Summons and Complaint on BMS at its New Jersey location. (Certification of Eric D. Katz in Support ("Katz Certif."), Ex. C.) Plaintiff served Aetna by mailing (certified and regular mail) a copy of the Summons, Complaint, and Affidavit of Diligent Inquiry ("Affidavit") to Aetna at its headquarters in Hartford Connecticut. An individual at Aetna received and signed for the documents on April 17, 2017.[3]

On May 17, 2017, BMS removed the action pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446 on grounds of diversity and federal question jurisdiction.[4] The Notice of Removal, signed only by then counsel for BMS, provided that "[a]lthough it was not properly served with the Complaint, Aetna consents to having this matter removed to federal court." (Notice of Removal ¶ 18.)

On June 15, 2017, NJBSC moved to remand arguing that BMS failed to comply with the procedural requirements for removal.[5] NJBSC contends that BMS's removal is defective because BMS failed to obtain the consent to, or joinder in, removal from co-defendant Aetna. More specifically, NJBSC maintains that BMS's bare statement in its

---

[3]Proof of receipt by Aetna on April 17, 2017, has been provided by Plaintiff. (Katz Certif., Ex. B.)

[4]According to BMS, the Court has federal question jurisdiction because the Complaint implicates the exclusive remedial scheme imposed by ERISA by seeking benefits from an ERISA-governed healthcare plan. (Notice of Removal ¶ 10.)

[5]See 28 U.S.C. § 1446.

Notice of Removal that Aetna consents is insufficient. Noting that the Notice of Removal was devoid of any details regarding Aetna's alleged consent and was not signed by an attorney on Aetna's behalf, NJBSC maintains that BMS was required to file with its removal papers a writing from Aetna evidencing its consent in order to satisfy the procedural requirements of removal.[6] (Pl.'s Br. at 2.) Plaintiff additionally contends that BMS's representation of Aetna's consent is inconsistent with and contradicted by Aetna's conduct at the time the Notice of Removal was filed. According to NJBSC, Aetna was actively litigating the case in state court at the very time BMS was removing it to this Court.

Defendants oppose the motion arguing that its Notice of Removal was timely filed and included all of the materials required by federal statute. Defendants contend that Plaintiff's arguments of procedural defect fail because Aetna did consent to removal and that even if it did not, Aetna's consent was not needed because it was not properly served. In particular, Aetna states that it could have been served in the State of New Jersey through its registered agent, CT Corporation and through the New Jersey Department of Banking and Insurance ("DOBI"). Aetna argues that because it is amenable to personal service in New Jersey, Plaintiff's attempt to effectuate service by mail was improper and therefore invalid.

---

[6]BMS removed on May 17, 2017. According to NJBSC, Aetna had to join in BMS's removal or file notice of consent within its deadline to remove–May 17, 2017– which is 30 days following service of the Complaint on Aetna. (Pl.'s Br. at 1-2.)

## DISCUSSION

### A. Removal Generally

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007). Removal is strictly construed and all doubts are resolved in favor of remand. See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

### B. Rule of Unanimity

"Removal is a statutory right, and the procedures to effect removal must be followed." Lewis v. Rego, 757 F.2d 66, 68 (3d Cir. 1985). Pursuant to 28 U.S.C. § 1446(b), all defendants must join in or consent to removal— commonly known as "the rule of unanimity." Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995) ("it is well established that removal generally requires unanimity among the defendants"); see also Step Plan Services v. Koresko, 219 Fed. Appx. 249, 250 (3d Cir. 2007). There are exceptions to the rule. One exception is when a defendant is a non-resident who has not yet been served with the complaint. See Balazik, 44 F.3d at 213, n. 4; Lewis, 757 F.2d at 69. Stated another way, a removing defendant need not obtain the consent of a non-resident co-defendant if he has not been served at the time the notice of removal is filed.

See A.B. & J.A. v. Verna Gray Charter School, 2011 WL 2149474, at *1 (D.N.J. May 11, 2011). Absent an exception, the rule of unanimity requires that all defendants "join in the notice of removal or give their consent within the thirty day period for the removal to be proper." New York Reg'l Rail Corp. v. Bridges, No. 06-44, 2006 WL 1722631, at *3 (D.N.J. June 30, 2006) (all proper defendants must "join in the notice of removal or give their consent within the thirty day period for the removal to be proper.") . Failure of all defendants to join in a notice of removal is a procedural, not jurisdictional, defect. Balazik, 44 F.3d at 213. The defect cannot be cured and remand is required. See Cacoilo v. Sherwin-Williams Co., 902 F. Supp. 2d 511, 518 (D.N.J. 2012); see also Lee v. Genuardi's Family Markets, L.P., 2010 WL 2869454, *1 (citing PAS v. Travelers Ins.Co., 7 F.3d 349, 352 (3d Cir. 1993))

C. **BMS's Notice of Removal lacks unanimity**

The motion to remand turns on whether there was a procedural defect in BMS's removal. Section 1446 governing procedure for removal provides that "all defendants who have been properly joined and served must join in or consent to the removal. . . ." 28 U.S.C. § 1446(b)(2)(A). The Court will examine whether Aetna was properly served, and if so, whether BMS's representation of Aetna's consent in its Notice of Removal satisfies the rule of unanimity.

*1. Service of process on Aetna*

Rule 4:4-4(b), New Jersey's long arm statute, is the first method for effecting service on a corporation outside of New Jersey. N.J. Ct. R. 4:4-4(b)(1); Mettle v. First Union Nat'l Bank, 279 F. Supp. 2d 598, 602 (D.N.J. 2003). Under the Rule, effective

service on an out-of-state defendant requires that the serving party first investigate the possibility of personal service on the defendant in New Jersey. If service cannot be made within the state, Plaintiff must provide an affidavit explaining that despite diligent effort personal service cannot be made in the state of New Jersey. N.J. Ct. R. 4:4-4(b)(1).

Relying on the exception to the rule of unanimity–that a removing defendant need not obtain the consent of a non-resident codefendant that has not been served at the time of removal–Aetna contends that its consent was not necessary because it was not properly served at the time BMS removed the case. Aetna argues that it was amenable to service in New Jersey through either the DOBI[7] or its registered agent, CT Corporation. Aetna contends that had NJBSC undertaken a diligent inquiry, it would have found that it could have effected personal service upon Aetna through these means. For this reason, Aetna argues that service was not proper and therefore it was not required to consent or join in BMS's removal of the case.

As BMS is the removing party, it is BMS's burden to establish that the case is properly before this Court–this includes demonstrating that Aetna was not properly served so as to exempt it from the rule of unanimity. The Court finds that it has not satisfied its burden. NJBSC's Affidavit of Diligent Inquiry filed with the state court and served upon Aetna with the Summons and Complaint at Aetna's Connecticut headquarters clearly states that "our research did not uncover a New Jersey address appropriate for service." (Affidavit of Diligent Inquiry ¶ 2.) It further states that [s]ervice upon [Aetna] will

---

[7]N.J.S.A. § 17B:23-2 provides that a foreign insurer can be served through the New Jersey Department of Banking and Insurance.

therefore have to be made in accordance with R. 4:4-4(b)(1)(C). [by mail]." (Id.) While it is conceivable that the Plaintiff could have included more detail relative to its research in the Affidavit, the fact is the sworn statement offered by counsel that he could not find a New Jersey address for service appears to be consistent with Plaintiff's supplementation of the record on reply to this motion. Specifically, Plaintiff represents that in August, 2017, it attempted to serve Aetna in another litigation through CT Corporation. CT Corporation advised that "[Aetna] is not listed on our records or on the records of the State of NJ. CT was unable to forward [to Aetna.]" (Certification of Eric D. Katz dated September 6, 2017, Ex. B).

At the very least, there is ambiguity as to whether Aetna could have been served through CT Corporation or the DOBI.[8] Aetna's statements to the contrary do not overcome the ambiguity. Defendants have the burden on a removed case. Defendants have failed to establish that Aetna had not been served at the time of removal. Therefore, for purposes of this motion only, the Court finds that service upon Aetna was sufficient so as to subject it to the rule of unanimity upon removal. See Thompson v. Novartis Pharm. Co., No. 06-6280, 2007 WL 1521138, at *2 (D.N.J. May 22, 2007) (A district court "must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve

---

[8] According to Plaintiff, NJBSC and Aetna have litigated a dozen healthcare reimbursement cases since 2008, including several cases involving the same attorneys involved here. (Pl.'s Reply Br. at 10.) Plaintiff claims that, for many years, Aetna accepted, without objection, service of process by certified and regular mail at its corporate headquarters. While these facts are not themselves dispositive of service, they provide context to Plaintiff's understanding and representation in his Affidavit as to how and where Aetna might be served.

8

any uncertainties about the current state of controlling substantive law in favor of the plaintiff.").

## 2. *Lack of consent by Aetna*

The rule of unanimity requires that all defendants consent to the removal within 30 days. Lewis, 757 F.2d at 68. Although each defendant is not required to sign the Notice of Removal, "courts generally require each defendant . . . to provide 'some form of unambiguous written evidence of consent to the court in a timely fashion.'" Burns v. City of Hoboken, No. 10-5754, 2011 WL 2881311, at *2 (2011 D.N.J.) (quoting Michaels v. New Jersey, 955 F.Supp. 315, 321 (D.N.J. 1996)). The removing defendant may not represent consent to the court on behalf of the non-removing defendant. See Michaels, 955 F.Supp. at 320 ("it is not enough for defendants who have not signed the removal petition to merely advise the removing defendant that they consent thereto, or for a removing defendant to represent such consent to the court on behalf of the other defendants"); see also Hammer v. Scott, 137 F. Appx. 472, 475 (3d Cir. 2005) (citing Carter v. Ingersoll-Rand Co., Inc., 2001 WL 238540, at *2 (E.D.Pa. Mar. 12, 2001) ("requir[ing] each defendant to express its position to the court directly; one defendant's allegation that another defendant joins in removal is insufficient")).

Here, aside from BMS's bare statement that "[a]ll named Defendants consent to the removal[,]" there is no unambiguous written submission of Aetna's consent filed before the thirty-day period provided by section 1446(b) expired.[9] No individual on

---

[9] Service was received at Aetna's headquarters on April 17, 2017. (Katz Certif. Ex. C.) Under § 1446(b), Aetna's deadline to remove, join in, or consent to removal was May 17, 2017.

9

behalf of Aetna signed BMS's Notice of Removal, nor did the Notice of Removal attach any written statement from Aetna evidencing its consent.  While Aetna may have communicated its consent to BMS prior to removal, its consent was not submitted in an unambiguous writing to the Court.  BMS's representation that Aetna consented, without more, is insufficient to satisfy the rule of unanimity.   See Michaels, 955 F.Supp. at 320; see also Monaghan v. City of Hackensack, No. 13-4544, 2014 WL 112973 (D.N.J. Jan. 9, 2014) (non-removing defendant's alleged verbal consent legally insufficient).

Additionally, BMS's statement of Aetna's consent is apparently inconsistent with Aetna's actions at the time of removal.  According to NJBSC, Aetna was actively litigating this case in state court on the very same day BMS removed it. (Pl.'s Br. at 3, 8.) Indeed, on May 17, 2017–the same day BMS filed its Notice of Removal–Aetna's counsel sent Plaintiff's counsel an email seeking his consent to an extension of time to file an answer to NJBSC's complaint in state court. (Pl.'s Br. at 8.) On May 18, the day after the case was removed, Aetna's counsel sent yet another email following up on the anticipated stipulated extension from Plaintiff's counsel. (Id.) Aetna's actions are incongruous with having consented to removal, and inconsistent with having knowledge that the case, in fact, had been removed.  While Aetna represents in its opposition that it had consented to removal of this case to federal court, its conduct of continuing to litigate the action in state court (without any mention of removal) suggests otherwise.  Moreover, the record is devoid of any dated document or sworn statement prepared by Aetna demonstrating that Aetna had given its consent to BMS at the time of removal.

In sum, BMS's removal of this case is procedurally defective. Defendants have not satisfied their burden that Aetna was not properly served nor did they demonstrate that they provided consent at the time of removal. Removal is strictly construed and all doubts are resolved in favor of remand.

## **CONCLUSION**

For the reasons stated above, it is respectfully recommended that Plaintiff's motion to remand be **granted**.

                                                  s/Mark Falk
                                                  **MARK FALK**
**Dated: December 12, 2017**                    **United States Magistrate Judge**